428 So.2d 940 (1983)
STATE of Louisiana
v.
Gary GREMILLION.
STATE of Louisiana
v.
Donald GREMILLION.
Nos. 82 KA 0695, 82 KA 0702.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*941 Ossie Brown, Dist. Atty., by Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Leon D. Jackson, Asst. Public Defender, Baton Rouge, for defendants-appellants.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
Defendants Gary Gremillion and Donald Gremillion were each charged by bill of information with two counts of armed robbery in violation of La.R.S. 14:64. They were tried together by jury and each was found guilty as charged on both counts. Then, pursuant to a bill of information, defendants were both charged as third habitual offenders under La.R.S. 15:529.1. After a hearing on the matter they were adjudged habitual offenders and sentenced to 60 years at hard labor under the habitual offender statute on count one of the robbery charge, and to 60 years at hard labor, without benefit of probation, parole or suspension, for the second count of armed robbery. The sentences were to run concurrently. Both defendants now appeal and *942 raise six assignments of error.[1] Their individual appeals have been consolidated by this court's own motion.

FACTS
On the night of November 27, 1980, an armed black male robbed a 7-Eleven store on Plank Road in Baton Rouge, of approximately $47.00. Within minutes two black men robbed a Payless Shoe Store on the same street, taking approximately $3,000. A police officer testified at trial one of the victims saw part of the "registration"[2] on the getaway vehicle and reported it to the police. Within an hour the police went to defendants' residence and saw the defendants (who fit the description given by the victim) walking toward an automobile matching the description given the police. The defendants were searched and Donald Gremillion was found to have certain monies, including a two-dollar bill which had been planted as "bait money" by the 7-Eleven clerk. Gary Gremillion was found to be carrying in excess of $1,000. Gary was later positively identified by the sales clerk at the 7-Eleven and by the manager of the Payless Shoe Store.

ASSIGNMENT OF ERROR NUMBER ONE
Appellants argue the court erred in overruling the defense objection to the State's impeachment of its own witness. The disputed testimony is by the 7-Eleven clerk, Delories Spence West. At trial, she testified appellant had purchased two bottles of wine, although she could not recall the amount of money he had given her. On redirect, the prosecutor showed her a part of the police report and she refreshed her memory as to the amount of money defendant had given her. No objection was made by the defendants. Questioning continued as to the types wine purchased. The witness admitted she had been able to provide this information to police immediately after the incident but at the time of trial could not recall the type wine purchased. Again, she was allowed to refer to the police report to refresh her memory. At this point counsel for both defendants objected the state was attempting to impeach its own witness.
We find no error in the trial court's overruling the objection. A party is not allowed to impeach its own witness unless the witness' testimony has taken the party by surprise or the witness shows hostility toward the calling party. La.R.S. 15:487. However, we find the state was not attempting to impeach this witness. When a party impeaches a witness, they are generally attacking the witness' credibility. Here, there was no attack on the witness' credibility but simply a refreshing of her memory so she might recall the minute details of the event. See State v. Muse, 363 So.2d 462 (La.1978).

ASSIGNMENT OF ERROR NUMBER TWO
Appellants' second assignment of error relates to the same testimony as the first. They contend the court erred in allowing the 7-Eleven employee to refer to police reports concerning the amount of money given by defendant and the types of wine sold. It is entirely permissible for a witness to refresh his present memory by reference to a police report. La.R.S. 15:279 reads as follows:
"A witness may be allowed to refresh his memory by reference to his testimony given on the preliminary examination, or at a coroner's investigation, or on a previous trial, or, for the purpose of refreshing his present memory a witness may examine memoranda, and it is immaterial by whom or when the memoranda were made, provided that, after such inspection, the witness can testify to the fact." *943 However, appellants contend the reports were used not merely to refresh the witness' present memory, but instead used as a "past recollection recorded."
As appellants point out, stringent rules are applied when a report is used as a past recollection recorded. See State v. Tharp, 284 So.2d 536 (La.1973). The Tharp case points out the fine distinction between these two concepts. In situations involving "present recollection revived" (or "refreshed") the witness is "staking his oath on his present memory at the time and date that he testifies...." To the contrary, in cases involving "past recollection recorded" "... the witness' recital is of the things he remembered in the past, i.e., at the time the report was prepared; he is swearing that the writing is an accurate record of his past recollections." (See Tharp, p. 541.)
After reading the record we are convinced the report served no purpose other than to refresh the present memory of the witness. After briefly reviewing the report she was able to testify independently of it. Therefore the court did not err in allowing her to refresh her memory in this manner.

ASSIGNMENT OF ERROR NUMBER THREE
Appellants' third assignment of error is the trial court erred when it sustained the prosecutor's objection to certain testimony of the police who questioned the 7-Eleven clerk after the robbery. The disputed testimony is as follows: At trial, the police officer was questioned by defense counsel as to what the 7-Eleven clerk had told him about the weapon used in the robbery. The officer said he had explained to the clerk the difference between an automatic and a revolver. He said she had described what he inferred to be a revolver. The defense counsel then asked the officer if in the officer's opinion, the employee's testimony would be incorrect if she now stated the weapon had been an automatic. The state objected, claiming it was improper for the officer to render an opinion as to the credibility of her testimony. The court sustained the objection.
Generally, a witness can testify only as to facts within his knowledge and not as to any recital of facts heard by him nor as to any impression or opinion he may have. La.R.S. 15:463. He may, however, testify as to the natural inferences drawn from facts he has observed personally, but he must state the facts upon which the inference is based. State v. Haarala, 398 So.2d 1093 (La.1981); State v. Prater, 337 So.2d 1107 (La.1976).
We agree with the state the officer would not be testifying as to an inference drawn from his own observations. Instead, he would be basing his answer on information not within his knowledge. The 7-Eleven clerk is the only person who would be able to testify accurately as to what type gun she had described to the officer. A trial court acts properly when it prohibits one witness from assessing the veracity of another witness' statements. See State v. Bretz, 394 So.2d 245 (La.1981), rehearing denied 1981. Therefore, we find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER FIVE
Appellants argue the court erred when it allowed a continuance of the habitual offender hearing. When the hearing began, the defense objected to the entry of the previous guilty pleas because the state had not proved the defendants were "Boykinized" prior to the time they entered the pleas. The trial court granted a continuance of the hearing in order for the state to obtain adequate information concerning the propriety of the previous pleas.
The granting or denying of a motion for continuance rests within the sound discretion of the trial court and its ruling will not be disturbed on appeal absent a showing of abuse of discretion. State v. Johnson, 343 So.2d 155 (La.1977). We find no abuse on the part of the trial court because the defendants were not prejudiced in any way. At the time of the continuance, the defendants had already been adjudged *944 guilty of the crimes so their guilt or innocence was not an issue before the court. The only issue was whether or not they should receive enhanced sentences. Therefore, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBER SIX[3]
Appellants contend the court erred in allowing "minute entries number five and six" into evidence. There is some confusion as to the exact nature of this assignment of error. State exhibit 4 is a copy of a minute entry from the 18th Judicial District Court, dated October 1, 1973, indicating the defendants appeared in court and voluntarily pled guilty to a charge of armed robbery. State exhibits 5 and 6 are certified copies of the actual guilty pleas, signed by the respective defendants.
The appellants contend it was improper for the court to allow the minute entry to be offered into evidence because the minute entry contained no proof the pleas were entered or signed by the appellants. Appellants seem to ignore the fact it was not only the minute entry which was allowed into evidence, but certified copies of the written guilty pleas as well. The minute entry states the defendants agreed to withdraw their pleas of not guilty and to plead guilty. It also states they were questioned (informed) by the court as to their rights and that the court accepted their pleas as being freely and voluntarily made. The certified copies of the guilty pleas were filed on the same date as the minute entry and bear the same caption and number. The guilty pleas explicitly state the undersigned defendant understands he is waiving his right to a trial by jury; that he understands the possible sentence he could receive; that he understands by waiving trial he is waiving his right to privilege against compulsory self-incrimination and is waiving the right to confront his accusers. In addition, the document states the undersigned understands he is waiving his right to have an attorney and that if he were unable to pay for one an attorney would be provided for him. We find this clearly satisfies the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

ASSIGNMENT OF ERROR NUMBER EIGHT
Appellants contend the sentences imposed were excessive. An excessive sentence has been defined as one being grossly out of proportion to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980), rehearing denied 1980. A trial court has great discretion in imposition of sentences, (given compliance with the statute), and sentences will not be set aside in the absence of manifest abuse of discretion. State v. Brown, 395 So.2d 1301 (La.1981). The mandatory sentence for armed robbery is 99 years at hard labor. La.R.S. 14:64.
Article 894.1 of the La.Code of Crim.P. sets forth sentencing guidelines and part C states "The court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence."
The trial court articulated its reasons for imposing the two 60 year sentences. In the case of Gary Gremillion, the court noted a lengthy juvenile record beginning in 1969, involving charges of robbery, burglary and theft. The court also noted a prior conviction of armed robbery from the 18th Judicial District. The court stated any lesser sentence would depreciate the seriousness of the crimes and noted treatment in a custodial environment was necessary.
As to Donald Gremillion, the court noted his juvenile record began in 1968 and involved several burglary and theft charges. He had been convicted of two previous armed robberies, one in Pointe Coupee parish and one in West Baton Rouge parish. In addition, an armed robbery charge was pending in the 19th Judicial District Court. The court articulated the reasons mentioned above and imposed the sentence.
*945 Appellants contend the sentence is unusually harsh because of the young age of the offenders (both are in their twenties). However, we agree with the state that based on the past records of the offenders, and the severity of the crimes, and considering that the possible maximum sentence is 99 years for the armed robbery count and 99 years for the multiple offender count, the court did not abuse its discretion in setting these sentences.

DECREE
For the foregoing reasons, defendants' convictions and sentences which are the subject of this appeal are affirmed.
AFFIRMED.
NOTES
[1] Eight assignments of error were made initially but only six were briefed. The other two, numbers four and seven, not having been briefed or argued, are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982).
[2] We assume that by "registration" the officer meant the victim saw the license plate number.
[3] This assignment was briefed by counsel for appellants as number seven.