YELVERTON, Judge.
Timothy Wayne Simone was convicted of armed robbery, R.S. 14:64, and sentenced to 15 years at hard labor without benefit of parole. In this appeal he relies upon three assignments of error. Because none of these assignments has merit, the conviction and sentence are affirmed.
Early in the afternoon on March 7, 1981, a young man entered Breaux’s Food Mart in Iberia Parish and asked the owner, Clinton Breaux, for a pack of Salem cigarettes. When Breaux turned to get the cigarettes and then back, the man was pointing a pistol at him demanding money from the cash register. Breaux complied. Breaux was then instructed to lie down. When the robber left the store, Breaux armed himself with a pistol, went to the front door and fired two shots at the man as he fled toward the highway. Breaux then went back into the store and called the Sheriff’s office.
Less than half an hour later two suspects were apprehended in a car four or five miles from the scene of the robbery. The victim Breaux was brought to the scene. When he saw George Webb, the driver of the ear, he declared that he had never seen that man before. When Breaux approached the defendant, Timothy Simone, he said he was fairly sure he was the man who had robbed him but that he was wearing sunglasses at the time of the robbery. An officer then put sunglasses on defendant. Breaux positively identified the defendant as the robber.
ASSIGNMENT OF ERROR NO. 1
In this assignment of error defendant maintains that the trial judge should not have permitted identification testimony because the one-on-one confrontation between the victim and the defendant was unconstitutionally suggestive.
One-on-one confrontations between a suspect and a victim, while not favored by the law, are permissible when justified by the overall circumstances. State v. Bickham, 404 So.2d 929 (La.1981); State v. Dunbar, 356 So.2d 956 (La.1978).
Reliability is the linchpin in determining the admissibility of identification testimony, and one of the factors to be considered in determining the reliability of an identification is the time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Prompt confrontations promote reliability, as well as expediting the release of innocent suspects. State v. Dunbar, supra; State v. Frank, 344 So.2d 1039 (La.1977), Frank v. Blackburn, 605 F.2d 910 (5th Cir.1979), vacated in part 646 F.2d 873, cert. denied 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981) [Both involved the same criminal defendant, Jimmy Frank, on the same criminal charge. After his conviction in the State court was affirmed, Frank attacked his conviction through a habeas corpus proceeding in the Federal courts.]
In the present case the one-on-one infield identification occurred within less than 30 minutes after the commission of the crime. In addition, during the robbery the victim was able to coolly appraise the unmasked robber close-up in good light and gave an accurate description of his appearance and clothing to the Sheriff’s office when the crime was reported. At the confrontation he was fairly certain that the suspect was the robber and became quite certain when the sunglasses were placed on defendant.
It is constitutionally permissible for the police to clothe a suspect in attire similar to that worn by the perpetrator for the purposes of identification. State v. Frank, supra.
We find that the one-on-one confrontation under the circumstances presented was not impermissibly suggestive of an inaccurate identification.
There is no merit to this assignment.
*1228 ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court allowed improper closing argument by the prosecution.
Defendant and George Webb, who had driven the get-away car, were jointly charged but defendant was tried separately. Neither the State nor the defendant called Webb as a witness. In closing argument, defense counsel commented on the failure of the State to call Webb, in the following language:
“Where is George Webb? How come the State didn’t bring George Webb over here? He could have put him over there, if that’s the case. He could have put him over there. He could have put him in the car. He could have done all of that, but he’s not here. The State didn’t bring him, because he’s not going to put him there, because he didn’t do it.”
The prosecutor responded in rebuttal argument by reminding the jury that the State had declared in open court that Webb was available to be called by either party. The State’s rebuttal further explained that Webb had not been called because he was a co-defendant, and then argued that the defendant’s failure to call Webb was worthy of the jury’s consideration. The prosecutor then declared, “I think it would have been interesting to hear Mr. George Webb’s explanation of why heading [sic] west.”
At this point, counsel for defendant objected, saying:
“My objection is to the inference that the defendant had to put on anything. The burden rests upon the State, and Mr. Burke is inferring that he would have to put on something.”
There is nothing in the prosecutor’s rebuttal comments that manifested any intention to comment on the accused’s failure to testify, nor was there any comment of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. The objection was to the prosecutor’s questioning why defendant had failed to call his companion to support his position.
The prosecutor’s rebuttal comments concerning the failure of the defendant to call his companion is not prohibited either by law or by jurisprudence. LSA-C.Cr.P. art. 774 reads:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
“The argument shall not appeal to prejudice.
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
Under this article it has been held that where two parties have been jointly indicted and one party pleads guilty, the failure of the co-defendant to testify during the trial of the case can be commented upon by the prosecutor. State v. Hudson, 253 La. 992, 221 So.2d 484 (La.1969). And in State v. Simms, 381 So.2d 472, 476 (La.1980) where the prosecutor commented on rebuttal that the defendant had failed to call a witness to the stand to support his position, the court held this was permissible under C.Cr.P. art. 774, saying:
However, La.Code Crim.P. art. 774 permits argument based on the lack of evidence and allows the state in rebuttal to answer the argument of the defendant. We have frequently held that a reference to lack of evidence or the fact that the evidence is unrebutted or uncontradicted is permissible under art. 774. State v. Perkins, 374 So.2d 1234 (La.1979); State v. Smith, 357 So.2d 798 (La.1978). In view of the prosecutor’s right to argue the lack of evidence and to respond to defendant’s argument in rebuttal, we are unable to see how defendant was prejudiced by the prosecutor’s reference to the presumption in the instant case.
Also, in State v. Thomas, 406 So.2d 1325, 1330 (La.1981) at footnote 9, the court stated:
“There was certainly no error in the prosecutor’s calling to the jury’s attention the failure of the other party to call a witness (as long as the prosecutor did not improp *1229 erly comment on the failure of the defendant to testify).”
See also, State v. Strange, 334 So.2d 182 (La.1976).
This assignment of error is without merit. ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendant objects to his sentence as being excessive in that the judge failed to consider the defendant’s mental retardation and the fact that his co-defendant received a lesser sentence.
The transcript of the sentencing proceedings reveals that the trial court relied on a pre-sentence investigation report, the facts of the case as they were brought out at the trial, and the sentencing guidelines of LSA-C.Cr.P. art. 894.1. His compliance with the guidelines was thorough. He specifically addressed the fact that the defendant had a degree of mental retardation. However, defendant had been found mentally competent to proceed. The defendant was on probation at the time of the commission of the instant offense for a robbery conviction committed in 1980. He also had a juvenile record.
The co-defendant pleaded guilty to simple robbery and was sentenced to five years.
There is nothing in the law that requires a sentencing judge to treat co-defendants equally. State v. Rogers, 405 So.2d 829 (La.1981). Webb was merely the driver of the get-away car, he was not armed, he had no prior conviction and the charge against him was amended to a lesser offense to which he pleaded guilty. There was ample justification for the disparity of sentences. See State v. Sims, 410 So.2d 1082 (La.1982). Considering that armed robbery carries a minimum of five and a maximum of 99 years imprisonment at hard labor without benefit of parole, probation or suspension (R.S. 14:64), a sentence of 15 years was not excessive.
For the foregoing reasons we affirm defendant’s conviction and sentence.