432 So.2d 348 (1983)
STATE of Louisiana
v.
Joseph GUIDROZ.
No. 82 KA 1002.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*349 Ossie B. Brown, Dist. Atty., Baton Rouge by Glen Petersen, Asst. Dist. Atty., for plaintiff-appellee.
M. Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE, and CRAIN, JJ.
SAVOIE, Judge.
Defendant, Joseph Guidroz, appeals from a 10 year sentence at hard labor for armed robbery, contending it is excessive.
On October 6, 1980, the defendant and an accomplice entered a Stop and Go store and approached the attendant. The store attendant was forced at gun point to "handover" the money from the cash register. As he attempted to comply with this demand, the attendant was struck with the revolver. The defendant and his accomplice extracted the money from the register and, subsequently, exited the store. As the two perpetrators were leaving, the accomplice turned and fired the revolver at the attendant.
As a result of this incident, the defendant was charged by bill of information with armed robbery and attempted murder. The defendant pled guilty to the armed robbery charge and, in exchange, the state deleted the attempted murder charge. Subsequently, the defendant was sentenced to 10 years at hard labor.
On appeal, the defendant contends that the trial court erred in imposing an excessive sentence. More particularly, defendant complains that the trial court violated La.C. Cr.P. art. 894.1 by failing to state its factual reasons for imposing this sentence.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishments. Further, the jurisprudence reflects that a sentence may violate a defendant's constitutional right against excessive punishment even though the sentence is within its statutory limits. State v. Jones, 412 So.2d 1051 (La.1982).
The trial court is given wide discretion in the imposition of sentences within the statutory limits. For this reason, these sentences should not be set aside as excessive absent a manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La. 1982).
A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Sims, 410 So.2d 1082 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society, and determine whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
In the instant case, the defendant committed an armed robbery of a convenience store. He pled guilty to this charge *350 and, in exchange, the attempted murder charge was deleted. At the time of the offense, the defendant was 26 years of age. His police record reflects two previous arrests on armed robbery charges.[1] During the robbery in question, the store attendant was struck with a revolver and, subsequently, fired upon.
The trial court sentenced the defendant to 10 years at hard labor. The maximum sentence which may be imposed for this offense is imprisonment at hard labor for 99 years without the benefit of parole, probation or suspension of sentence. Further, the penalty provision for this crime provides for a mandatory minimum imprisonment at hard labor for not less than five years without the benefit of parole, probation or suspension of sentence. La.R.S. 14:64.
In light of the above, the sentence imposed is neither grossly disproportionate to the crime nor an abuse of discretion.
We are of the opinion that the trial judge adequately complied with the sentencing guidelines of La.C.Cr.P. art. 894.1 in determining the penalty.
In his reasons for sentencing, the trial judge noted that confinement was appropriate due to an undue risk that the defendant would commit another crime during a period of suspension or probation. Further, the trial court concluded that the defendant was in need of correctional treatment and a custodial environment. It noted that this could be most effectively provided by his commitment to an institution. In addition, the lower court was of the opinion that a lesser sentence would deprecate the seriousness of defendant's crime.
At the sentencing hearing, the defendant was given an opportunity to present evidence and other submissions in mitigation of his sentence. In fact, the sentencing hearing was continued at one point to give the defendant an additional opportunity to do so. The record reflects that the defendant failed to produce any mitigating evidence other than defense counsel's argument. Furthermore, the trial judge expressly stated that he was fully informed of the facts and circumstances surrounding the charges prior to his imposing the sentence.
Additionally, even assuming, arguendo, that the trial court failed to comply with the guideline of La.C.Cr.P. art. 894.1, a remand for complete compliance therewith is not necessary when the sentence imposed is not apparently severe and there is no manifest abuse of discretion. State v. Williams, 420 So.2d 1116 (La.1982); State v. Jones, 381 So.2d 416 (La.1980), rehearing denied, April 7, 1980.
The defendant's sentence is affirmed.
AFFIRMED.
NOTES
[1] Defendant was not billed for his first armed robbery charge, and the second time, he was released.