GUIDRY, Judge.
The defendant, Martin Carter, pleaded guilty to one count of armed robbery, a violation of LSA-R.S. 14:64. The trial court sentenced the defendant to fifty years at hard labor, without benefit of parole, probation or suspension of sentence. The defendant appeals, asserting that (1) the sentence imposed is excessive, violating Art. 1, § 20 of the Louisiana Constitution; and, (2) the trial court erred by failing to adequately state the reasons for the imposition of the sentence as required by LSA-C.Cr.P. Art. 894.1.
The record shows that on May 15, 1982, the defendant and a companion drove to a convenience store in Lake Charles, Louisiana. While his companion pumped gas into the car, the defendant robbed the store attendant at gunpoint. The two men fled, and were later apprehended by sheriff’s deputies.
The defendant contends that a fifty year sentence for this offense constitutes excessive punishment in violation of Art. 1, § 20 of the Louisiana Constitution.
The penal provision of LSA-R.S. 14:64 states:

“B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.”

The trial judge is vested with wide discretion in imposing sentences within statutory limits, and the sentence imposed should not be set aside absent a manifest abuse of discretion. State v. Landos, 419 So.2d 475 (La.1982); State v. Fergus, 418 So.2d 594 (La.1982). However, a sentence which falls within the statutory limits may be excessive when considered in light of the particular defendant and the circumstances of the particular crime. State v. Forshee, 395 So.2d 742 (La.1981); State v. Sepulvado, 367 So.2d 762 (La.1979).
In the instant case, we find no abuse of the trial court’s discretion in the imposition of a fifty year sentence. The seriousness of the offense committed cannot be ignored. An armed robbery created an atmosphere “fraught with danger” to the victim and to others present, as well as to the accused himself. State v. Douglas, 389 So.2d 1263 (La.1980); State v. Levi, 259 La. 591, 250 So.2d 751 (La.1971). We also observe that the sentence imposed by the judge is far short of the maximum sentence allowable for the offense, ninety-nine years.
The defendant, twenty-two years of age at the time of sentencing, has twice before been convicted of felonies. These convictions grew out of thefts committed in Texas. Following the first conviction, the defendant was placed on probation. Within six months the defendant was convicted of burglarizing a building with the intent to commit theft and theft of a truck. The defendant was sentenced to three years confinement following this conviction.[1]
The record thus demonstrates that probation and shorter periods of confinement have failed to deter the defendant from continuing to engage in criminal conduct. *654 The trial court obviously recognized the danger that the defendant poses if not confined for an extensive period of time. Furthermore, the record shows no factors which would mitigate the serious nature of the defendant’s offense. We also observe that, owing to his prior felony convictions, the defendant could have been charged as a multiple offender, which would have greatly increased his sentencing exposure. See State v. Thompson, 429 So.2d 862 (La.1983). We find no abuse of discretion in the imposition of a fifty year sentence.
The defendant also asserts that the trial court erred in failing to comply with LSA-C.Cr.P. Art. 894.1. This article lists aggravating and mitigating factors to be considered by the trial judge in imposing sentence, and requires that the trial judge “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
We observe that the reasons given by the trial judge in imposing sentence do not comply with the guidelines provided in LSA-C.Cr.P. Art. 894.1. However, noncompliance with the statute does not necessarily require that the sentence be set aside when the record clearly justifies the sentence imposed. Where the record shows a factual basis for the sentence imposed and demonstrates that the sentence is not arbitrary or excessive, a remand for resentencing is not necessary. State v. Jett, 419 So.2d 844 (La. 1982).
Although the trial judge’s reasons standing alone do not fulfill the requirements of LSA-C.Cr.P. Art. 894.1, the record clearly supports the sentencing choice. The defendant has shown a great propensity for criminal behavior and an unwillingness to respect the rules of a civilized society. The record also demonstrates the failure of probation and shorter terms of confinement to effect any reform in the defendant’s behavior. Furthermore, the defendant failed to present any factors which would support the imposition of a lesser sentence. Under these circumstances, we find it unnecessary to remand this case simply for compliance with LSA-C.Cr.P. Art. 894.1.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.

. The record does not make clear how much of this sentence was actually served.