DIXON, Chief Justice.
Defendant, Blaine Panepinto, was indicted by a bill of information and charged with the violation of R.S. 14:93, cruelty to a juvenile.[1] After a trial before a jury he was found guilty and sentenced to serve eighteen months in the parish prison. He appealed his conviction to the court of appeal, where it was reversed and set aside. 527 So.2d 505 (La.App. 5th Cir.1988). The state applied for writs to this court which were granted. We now reverse the judgment of the court of appeal and remand the case for consideration of the defendant’s assignments of error which were not addressed in the opinion of that court.
The bill of information charged that defendant “violated R.S. 14:93 in that he did commit cruelty to Austin Kusy, a juvenile, by beating about the head and biting legs ...” 14:93 provides that it is unlawful to commit cruelty to a juvenile either intentionally or negligently. During the state’s opening and closing arguments, the prosecutor discussed the crime in the context of criminal negligence, without objection by defense counsel. The defense counsel objected to the trial court’s jury instructions on criminal negligence, arguing that criminal negligence was not an element of the crime charged by the state.
The court of appeal, addressing the threshold question of the elements of the crime charged by the bill of information, held: the defendant was only charged with *1074 committing intentional acts of cruelty to a juvenile; that the defendant was not given notice that he was being charged with the additional element of negligently committing cruelty to a juvenile; and this lack of notice prejudiced the defense strategy. The court of appeal reversed and set aside the conviction of the defendant.[2]
Initially, we note that the bill of information does not explicitly state that the defendant is only being charged with intentional acts. While the bill of information, examined by itself, might be construed as only charging the defendant with intentional acts, when reviewed in the context of the entire record, it is evident that the defendant had notice that he was being charged with both intentional and negligent acts. Before trial, the defendant had filed a motion for a bill of particulars. The record indicates that the defendant was granted “open file” discovery, and that the defendant was satisfied with the state’s response to the bill of particulars.
“In a criminal prosecution, an accused shall be informed of the nature and cause of the prosecution against him.” La.Const.1974, Art. I, § 13.
The defendant was charged with the short form indictment provided in C.Cr.P. 465A(21). That article provides that the defendant may be accused of the crime of cruelty to a juvenile by charging that “A.B. committed cruelty to C.D., a juvenile by _ (describe the act of cruelty.)” The bill of information filed by the state was in conformity with the form provided in this article. Using this short form indictment, there is no indication that the state intended to charge the defendant with only intentional acts of cruelty. On at least five occasions, the state referred to the proof of criminal negligence adduced at trial. The state also presented the testimony of the arresting officer who testified that the defendant told him that he had bitten the child while playing with him, but did not intend to hurt him.
The reason for allowing certain crimes to be charged in short form indictments is that the crime is a “well understood crime.” C.Cr.P. 465, Official Revision Comment (b). The constitutionality of the short from indictment has been upheld by this court in situations where the crime charged can be committed in one of two ways, as is the situation in this case. State v. Abney, 347 So.2d 498 (La.1977); State v. Nichols, 216 La. 622, 44 So.2d 318 (1950). While the court of appeal did not explicitly hold the short form indictment unconstitutional in this case, such a holding is implicit since the state specifically followed the short form set out in C.Cr.P. 465. There is no indication that the form of the indictment prejudiced the defendant or failed to give him notice of the crime charged. Since the defendant had “open file” discovery, he was sufficiently notified of the “nature and cause of the accusation against him.” La. Const. Art. I, § 13, and the indictment did not violate his right to adequately prepare for trial.
For these reasons, the judgment of the court of appeal is reversed, and the case is remanded to that court for consideration of the defendant’s assignments of error that were not addressed in that court’s opinion.

. R.S. 14:93 provides:
"A. Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child’s age shall not be a defense.
B.The providing of treatment by a parent or tutor in accordance with the tenets of a well-recognized religious method of healing, in lieu of medical treatment, shall not for that reason alone be considered to be criminally negligent mistreatment or neglect of a child. The provisions of this Subsection shall be an affirmative defense to a prosecution under this Section. Nothing herein shall be construed to limit the provisions of R.S. 40:1299.36.1.
C. The trial judge shall have the authority to issue any necessary orders to protect the safety of the child during the pendency of the criminal action and beyond its conclusion.
D. Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more then ten years, or both.”

. On appeal, the state argues that the court of appeal erred in setting aside the conviction rather than remanding the case to the trial court for a new trial. Since we hold that the court of appeal erred in reversing the conviction of the defendant, it is unnecessary to reach this assignment of error.