548 So.2d 34 (1989)
STATE of Louisiana
v.
Blaine PANEPINTO.
No. 88-KA-103.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1989.
Writ Denied November 17, 1989.
*35 Philip E. O'Neill, Gretna, for defendant-appellant.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
This matter comes to us upon remand from the Louisiana Supreme Court. The defendant, Blaine Panepinto, was convicted by a six-person jury of cruelty to a juvenile in violation of La.R.S. 14:93 in the Parish of Jefferson, State of Louisiana. This Court reversed the conviction and sentence in State v. Panepinto, 527 So.2d 505 (La.App. 5th Cir.1988), writ granted, 535 So.2d 733 (La.1989), rev'd, 542 So.2d 1073 (1989). The Louisiana Supreme Court reversed this Court's judgment and ordered us to consider the defendant's assignments of error that were not addressed in our initial opinion, further stating "Since the defendant had `open file' discovery, he was sufficiently notified of the `nature and cause of the accusation against him.' La. Const. Art. I, § 13, and the indictment did not violate his right to adequately prepare for trial." Accordingly, we will now consider the remaining assignments of error.
ASSIGNMENTS OF ERROR
(1) Whether the trial court erred in refusing to charge the jury that the State has the burden to prove, in order to introduce a confession, that the confession was given freely and voluntarily beyond a reasonable doubt, and
(2) Whether the trial court imposed an excessive sentence. Other assignments of error have been raised, which we find have no merit.
ASSIGNMENT OF ERROR 1
The defendant argues that the jury should have been charged with the burden of proof necessary for the State to show voluntariness and, therefore, admissibility of the confession.
At trial, the defense counsel moved that the jury be charged under La.R.S. 15:451. The court gave the following jury charge:
If the state offers evidence of a statement by the defendant, you must first determine whether the statement was in fact made. You must then consider whether the statement, if made, was accurately recorded or repeated.
If you find that defendant made a statement, you must also determine the weight or value that the statement should be accorded, if any. In determining the weight or value to be accorded a statement made by a defendant, you should consider all the circumstances under which the statement was made. In making that determination, you should consider whether the statement was made freely and voluntarily, without the influence of fear, duress, threats, intimidation, inducement, or promises.
In addition, the judge charged the jury that the State must prove the defendant's guilt beyond a reasonable doubt. There is no indication that the defendant objected to those jury charges.[1]
The defendant has apparently confused admissibility of a confession, which is a matter of law for the judge to decide, with issues of weight and value to be afforded a statement, which, on the other hand, are issues within the province of the jury. State v. Gaskin, 412 So.2d 1007 (La.1982).
La.C.Cr.P. art. 703 provides that the defendant may move to suppress a confession *36 on constitutional grounds. Article 703(G) further provides:
When a ruling on a motion to suppress a confession or statement is adverse to the defendant, the state shall be required, prior to presenting the confession or statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the confession or statement for the purpose of enabling the jury to determine the weight to be given the confession or statement....
Before the State may introduce a confession for consideration by the jury it must affirmatively prove, as a predicate to the introduction, that the confession was free and voluntary. La.R.S. 15:451. This provision is in the section of the statutes of criminal procedure which relate to the introduction of evidence at trial, as opposed to questions of constitutional admissibility raised at a pre-trial motion to suppress the confession (La.C.Cr.P. art. 703). While the State clearly has the burden to prove beyond a reasonable doubt that the confession was free and voluntary at an admissibility hearing, that burden becomes one "affirmatively proving" the confession as free and voluntary when it is offered for the jury's consideration. See Gaskin, supra, at 1010.
Unfortunately, the jurisprudence has often intermingled La.R.S. 15:451 with La.C.Cr.P. art. 703 when discussing the State's burden of proof at a motion to suppress hearing. See State v. Nuccio, 454 So.2d 93 (La.1984); State v. Nelso, 433 So.2d 73 (La.1983); State v. Crook, 517 So.2d 1131 (La.App. 5th Cir.1987). This may account for the defendant's confusion over this issue.
La.C.Cr.P. art. 802 provides:
The court shall charge the jury:
(1) As to the law applicable to the case;
(2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and apply the law as given by the court; and
(3) That the jury alone shall determine the weight and credibility of the evidence.
Further, La.C.Cr.P. art. 807, in pertinent part, provides: "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." Therefore, since the defendant's requested charge was not wholly correct and would require explanation and since the trial court's charge was accurate, there appears to be no error.
This assignment lacks merit.
ASSIGNMENT OF ERROR 2
Wenow turn to decide whether the sentence was excessive.
Our jurisprudence has established that a sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Jack, 448 So.2d 725, 728 (La.App. 5th Cir.1984) (citing State v. Telsee, 425 So.2d 1251, 1253 (La.1983) and State v. Sims, 410 So.2d 1082, 1084 (La.1982)). After a careful review of the record in its entirety, we note on the one hand a firsttime offender, a child who purportedly is not seriously injured, and a probation report recommending probation. On the other hand, we are dealing with a despicable criminal act, which gives the trial judge the discretion of giving up to ten years of imprisonment; we have a child who has sustained physical injuries, and the resulting psychological impact cannot now be measured. More importantly, we have a defendant receiving an 18-month sentence which is on the "light side" of the spectrum within the trial court's sentencing discretion. Ergo, when considering all the circumstances, we cannot say the sentence given was out of proportion to the severity of the crime nor can we say that the sentence is purposeless and a needless imposition of pain and suffering. Accordingly, we find no merit.
*37 For the reasons assigned, the conviction and sentence which were initially set aside by this Court are hereby affirmed.
ON REMAND FROM THE LOUISIANA SUPREME COURT, WE AFFIRM.
NOTES
[1] The jury charges are included in the record. However, the actual transcript of the charge was not included.