DUFRESNE, Judge.
The defendant was indicted on December 12, 1991, for the first degree murder of Tyji Zamoal Willis in violation of LSA-R.S. 14:30. When arraigned on the charge on February 12, 1992, the defendant entered a plea of not guilty. Prior to the commencement of trial on March 23, 1993, the state amended the indictment to charge the defendant with second degree murder. During the second day of trial, the trial court heard a motion to suppress outside the presence of the jury and denied the motion. At the conclusion of trial that day, the jury returned with a verdict of guilty as charged. Thereafter, on April 23, 1993, the trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
FACTS
On the evening of October 20, 1991, the defendant, who had armed himself with a kitchen knife, attacked his estranged girl friend, Tyji Willis, when he met her in order to give her money for child support. The defendant began his attack by stabbing the victim inside of her grandmother’s residence. When the victim’s grandfather intervened, the defendant ceased his attack on the victim and slashed at her grandfather cutting him twice. The defendant then pursued the victim outside continuing his attack on her. Subsequently, the defendant straddled the victim and plunged the knife into her chest leaving it lodged in place.
An autopsy performed on the victim revealed that the victim suffered a total of 30 stab wounds of which five were fatal.
ASSIGNMENT OF ERROR
The defendant contends that the trial court committed reversible error in allowing testimony of the defendant’s inculpatory statement. In support of this contention, the defendant argues that the state failed to prove beyond a reasonable doubt that the statement was actually made because the testimony of Sergeant Alton L. Savage was not credible; however, the defendant has apparently confused admissibility of a statement, which is a matter of law for the judge to decide, with issues of weight and value to be afforded a statement, which, on the other hand, are issues within the province of the jury. See State v. Panepinto, 548 So.2d 34 (La.App. 5th Cir.1989).
It is well settled that the rules governing the admissibility of confessions are also applicable to admissions involving the existence of criminal intent or inculpatory fact. State v. McGraw, 366 So.2d 1278 (La.1978). In order for a confession to be introduced into evidence the state has the burden of showing affirmatively and beyond a reasonable doubt that the confession was made freely and voluntarily and that it was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Napier, 385 So.2d 776 (La.1980). See also LSA-R.S. 15:451 and LSA-C.Cr.P. art. 701(D). In reviewing the trial judge’s ruling as to the admissibility of a confession, his conclusions on the credibility are entitled to the respect due those made by one who saw the witnesses and heard them testify. State v. David, 425 So.2d 1241 (La. *1345 1983), appeal after remand, 468 So.2d 1126 (La.1984) and 468 So.2d 1133 (La.1985), cert. denied, 476 U.S. 1130, 106 S.Ct. 1998, 90 L.Ed.2d 678 (1986), reh. denied, 478 U.S. 1014, 106 S.Ct. 3321, 92 L.Ed.2d 728 (1986). The trial court’s ruling will not be overturned on appeal unless it is unsupported by the evidence. State v. Vaccaro, 411 So.2d 415 (La.1982).
Furthermore, the admissibility of statements obtained after the person in custody has decided to remain silent depends on whether his “right to cut off questioning” was scrupulously honored.” Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). When the accused invokes his right to silence, Miranda does not erect a complete bar to further police initiative in communications as it does after a request for an attorney. Nevertheless, the police must scrupulously honor the right to cut off questioning by the person in custody. The courts must look to the facts of each case and the precepts underlying Miranda to determine if the police engaged in conduct in obtaining a confession which destroyed the accused’s confidence in his right to cut off questioning. State v. Loyd, 425 So.2d 710 (La.1982), affirmed on appeal, 459 So.2d 498 (La.1984).
At the suppression hearing the state offered the testimony of Sergeants Titman and Savage. Sergeant Titman testified that at the Gretna Police Department he advised the defendant of his constitutional rights in accordance with a Rights of Arrestee form while Sergeant Savage was present and the defendant stated that he was invoking his right to remain silent. He then left the defendant in the custody of Sergeant Savage and he had no further contact with the defendant. He further testified that the defendant was not in mental or physical distress nor was he coerced or threatened.
Sergeant Savage testified that he was present when Sergeant Titman advised the defendant of his constitutional rights which were printed on Rights of Arrestee form and the defendant indicated that “he didn’t want to sign anything.” Approximately 20-25 minutes later, he approached the defendant to ask him his name, address and date of birth. Instead of providing the sergeant with the requested information, the defendant addressed the sergeant as Mr. Savage and then gave an inculpatory statement wherein he admitted arming himself with a knife when he went to give the victim money for child support because there was “going to be some trouble” and he indicated that he had changed clothes and put on a coat because “he know (sic) he was going to jail and the jail was going to be cold.” He further testified that the defendant was not in any extreme pain or distress nor did he withhold or promise him anything in an attempt to engage him in a conversation.
Considering the above testimony, the statement in question was freely and voluntarily made. Furthermore, although the statement was given after the defendant exercised his right to silence, it was not the product of police interrogation and thus the police scrupulously honored the defendant’s right to silence. As such the trial court did not err in denying the motion to suppress and admitting the statement into evidence.
This assignment is without merit.

ERROR PATENT REVIEW

An error patent review conducted in accordance with State v. Williams, 593 So.2d 753 (La.App. 5th Cir.1992) and LSA-C.Cr.P. art. 920 reveals the following error.
Unlike the hard labor sentencing form, the sentencing transcript, which prevails, fails to reflect that the defendant was given credit for the time served prior to imposition of the sentence, contrary to the mandate of LSA-C.Cr.P. art. 880. Accordingly, the sentence imposed is amended to confirm the sentencing form to give the defendant credit for time served. See State v. Brown, 606 So.2d 586 (La.App. 5th Cir.1992).
For the above reasons, the conviction is affirmed and the sentence is affirmed as amended.

CONVICTION AFFIRMED, SENTENCE AFFIRMED AS AMENDED.