**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-27

STATE OF LOUISIANA

VERSUS

L.H., Jr.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 281,969
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

Painter, J., dissent with written reasons.

**AFFIRMED.**

**Paula C. Marx, Attorney at Law**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598**
**Counsel for Defendant-Appellant:**
        **L.H., JR.**

**Monique Metoyer, District Attorney**
**Office of the District Attorney**
**P.O. Box 1472**
**Alexandria, LA 71309**
**Counsel for Appellee:**
        **State of Louisiana**

**COOKS, Judge.**

## FACTS

Defendant, L.H., Jr., was sentenced to serve seven years at hard labor on each of two counts of cruelty to a juvenile, the sentences to be served consecutively. Previously, this court affirmed the convictions, but found the sentences excessive. *State v. L.H., Jr.*, an unpublished opinion bearing docket number 07-979 (La.App. 3 Cir. 3/5/08). On remand, the trial court followed this court's mandate and ordered the sentences be served concurrently rather than consecutively, effectively cutting the sentence in half. Defendant again appeals his sentence, contending even after the remand and reduction of sentence, it is excessive.

## ANALYSIS

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After a thorough review of the record in this case, we find there are no errors patent.

Initially, we note this court is not in the business of sentencing defendants, but is charged, when reviewing excessiveness claims, with determining whether a sentence amounts to a needless and purposeless imposition of pain and suffering or if it is so grossly disproportionate to the seriousness of the crime as to shock one's sense of justice. See *State v. Campbell*, 404 So.2d 1205 (La. 1981) and cases cited therein. In discussing excessive sentences, this court has noted:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether

1

the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied,* 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original). We find the sentence imposed is proportionate to the seriousness of the crime. The trial court did not abuse its broad discretion in imposing this sentence.

We find Defendant's reasoning and cases cited unpersuasive. Defendant cites various cases in which this and other circuit courts of appeal found lesser sentences for more serious offenders were not excessive. However, such findings do not set forth some jurisprudentially created standard that the appropriate sentence for these offenses should not exceed the sentence imposed in those cases. For example, defendant cites *State v. Panepinto*, 548 So.2d 34 (La. App. 5 Cir. 1989), *writ denied* 551 So.2d 1335 (La. 1989), in which the court found a sentence of eighteen months not excessive for a conviction of cruelty to a juvenile. In that case an eighteen-month-old child suffered bruises to the head, neck, and legs and was bitten on the leg. In *State v. Stevens*, 532 So.2d 197 (La.App. 3 Cir. 1988), *writ denied*, 541 So.2d 852 (La.1989), this court upheld concurrent five year sentences in a case in which the child suffered second and third degree burns. In a case not cited by Defendant, *State v. Ernest*, 97-335 (La.App. 1 Cir. 2/20/98), 710 So.2d 814, *writ denied*, 98-771 (La. 7/2/98), 724 So.2d 206, the First Circuit sentenced the defendant to four years imprisonment at hard labor for forcibly jamming a bottle into an infant's mouth, slamming the infant down on a changing table, and shaking the infant. The court found the sentence imposed was not excessive. Such findings by this and other courts do not set forth some jurisprudentially created standard that the appropriate sentence for jamming a bottle into an infant's mouth, slamming him on a changing table, and shaking the infant is four years imprisonment at hard labor. The court's ruling in

2

*Ernest* does not automatically bar a greater sentence than four years for identical or very similar crimes. The decisions in these cases simply stated that the sentences were not excessive, no more, no less. They do not establish some threshold sentence from which only downward adjustments are possible.

In a recent case, *State v. C.S.D.*, 08-877 (La.App. 3 Cir. 2/4/09), 4 So.3d 204, this court held that two, five-year concurrent sentences, imposed for the defendant tying up two children with zip ties and chains for extended periods of time, were not excessive. Indeed the sentences in *C.S.D.* were not excessive, as defendant's behavior was cruel and emotionally harmful to the children. By any standard of review, the *physical and emotional* abuse suffered by the children in the present case is more severe than that inflicted in *C.S.D.* The evidence in the present case indicated Defendant, an adult, struck S.M., who was *three years old*, in the face and bit, D.M., a twenty-month-old, on the shoulder, causing severe bruising to both children. A blow to the head of such a small child could undoubtedly cause a severe injury. Simply because there were no longstanding permanent injuries caused to the children does not deprecate the seriousness of Defendant's conduct. Further, because of the abuse at the hands of Defendant, who was the live-in boyfriend of the children's mother, the children were removed from the mother's custody, which undoubtedly produced further emotional damage to the children.

Lastly, we do not agree with Defendant's argument that the trial court did not adequately comply with the requirements of La.Code Civ.P. art. 894.1. It is well-settled that articulation of the factual basis for the sentence is a goal that Article 894.1 challenges trial courts to meet; rigid or mechanical compliance is not mandated; and where the record clearly shows an adequate factual basis for the sentence imposed existed, remand is unnecessary even where there has not been full compliance with La.Code.Crim.P. art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La.1982). The trial court on re-sentencing noted he believed his original sentence "was fair and was

3

certainly not out of the realm, *because of the nature of the offense and the circumstances upon which it occurred"*.

The trial court is given vast discretion in the imposition of sentences within the statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So.2d 7. A trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

We also note, the Defendant's references to the State's misstatement at rehearing that the one child was bitten on the face, when in actuality one child was bitten on the shoulder and the other was struck in the head. There is no indication whatsoever that the trial court was in any way influenced by the State's misstatement. The trial court was intimately familiar with the facts of the case. Defendant benefitted greatly from the trial court's second look at the record on remand because the trial judge decided to run his sentences concurrently. Had he decided to articulate reasons why the sentences he originally imposed were warranted and reasonable, the record in this case might well have supported his decision. We therefore affirm the trial court's sentence.

**AFFIRMED.**

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

V.

L.H., Jr.

**Painter, J., dissents and assigns written reasons.**

I disagree with the majority's opinion affirming Defendant's sentences in this case because I find that the sentences are excessive and that the trial court did not adequately comply with the provisions of La.Code Crim.P. art. 894.1.

The offense of cruelty to a juvenile is punishable by not more than ten years imprisonment, with or without hard labor. La.R.S. 14:93(D). Defendant received seven years on each count to run concurrently. In our prior opinion in this matter *State v. L.H., Jr.*, an unpublished opinion bearing docket number 07-979 (La.App. 3 Cir. 3/5/08), we stated:

> The offense of cruelty to a juvenile is a heinous crime. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of ten years at hard labor. The Defendant did not receive maximum sentences. However, we find the sentences excessive based on facts and circumstances of the crime and the case cited herein.

In *State v. Insley,* 04-1006, p.3 (La.App. 3 Cir. 2/2/05), 893 So.2d 209, 212, this court held: "A sentence will only be deemed excessive if it amounts to a needless and purposeless imposition of pain and suffering or if it is so grossly disproportionate to the seriousness of the crime as to shock one's conscious." Accordingly, I find that the punishment in this case is disproportionate to the seriousness of the crime and that the two seven-year sentences imposed in this case are excessive. Defendant was

a first time felony offender.  Although there was testimony that Defendant had bitten

other children in his care, it was reported that the children said that they had also bit

him.  Testimony established that the injuries were minor, consisting of bruising only.

There was testimony that D.M. had other bruises on his body, but there was no

testimony that these bruises were caused by Defendant.  Under the facts of this case,

I am of the opinion that a sentence of two to five years is more than sufficient to

achieve acceptable penal goals.

With respect to the sentencing guidelines contained in La.Code Crim.P. art.

894.1, we have stated:

> With respect to the issue of compliance with La.Code Crim.P. art. 894.1, this court stated in *State v. Anderson,* 95-1688, p. 4 (La . App. 3 Cir. 5/8/96); 677 So.2d 480, 483:

>> The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; *State v. Klause,* 525 So.2d 1076 (La.App. 3 Cir.1988).  Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of  La.Code Crim.P. art. 894.1. *State v. Pontiff,* 604 So.2d 71 (La.App. 3 Cir.1992).  However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983).

>> If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. *State v. Cottingin*, 476 So.2d 1184 (La.App. 3 Cir.1985), *appeal after remand*, 496 So.2d 1379 (La.App. 3 Cir.1986); *State v. Morgan*, 428 So.2d 1215 (La.App. 3 Cir.1983), *writ denied*, 433 So.2d 166 (La.1983); *See also, Smith,* 433 So.2d 688 and *State v. Stein*, 611 So.2d 800 (La.App. 3

> Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.

*State v. Iron*, 00-1238, p. 10 (La.App. 3 Cir. 2/14/01); 780 So.2d 1123, 1128, *writ denied,* 01-1232 (La. 3/15/02), 811 So.2d 898.

At the resentencing hearing, the State incorrectly reminded the trial court of the facts of the case, stating that "one was bitten in the face, with adult teeth marks that stayed there; the other one was hit and beaten." This statement of the facts was incorrect. One child was slapped on the face and one child was bitten on the shoulder. The trial court then stated:

> So, what I'm going to do is, I'm going to leave it at seven years; I'm going to run it concurrent. But I want the Court to understand that I heard the testimony and the evidence that I received in this case, and I deem that my initial sentencing was fair and was certainly not out of the realm, because of the nature of the offense and the circumstances upon which it occurred.

Therefore, I am of the opinion that the trial court did not comply adequately with the requirements of La.Code Crim.P. art. 894.1, thereby necessitating vacation of the sentences and remanding for resentencing with instructions to the trial court to state for the record the considerations taken into account and the factual basis used when imposing the sentences. I respectfully dissent.