319 So.2d 897 (1975)
STATE of Louisiana
v.
Mary J. COMEAUX.
No. 56353.
Supreme Court of Louisiana.
October 1, 1975.
Rehearing Denied October 31, 1975.
*898 Murphy W. Bell, Director, Larry D. Book, Trial Atty., Roland T. Huson, III, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., David M. Miller, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Mary J. Comeaux with cruelty to a juvenile in violation of LSA-R.S. 14:93, based upon the mistreatment of her five-year-old daughter. After trial, the jury returned a verdict of guilty. The trial judge suspended the imposition of sentence and placed the defendant on probation for a period of two years. She appeals, relying upon four assignments of error to reverse her conviction.

ASSIGNMENT OF ERROR NO. 1
Defendant asserts that LSA-R.S. 14:93, the statute under which she is charged, is unconstitutionally vague. Hence, she argues that the trial court erred by failing to grant her motion to quash the charge on that ground.
LSA-R.S. 14:93 provides:
"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
"Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than two years, with or without hard labor, or both."
Recently, in State v. Heck, La., 307 So. 2d 332 (1975), we reviewed the principles for testing the constitutionality of a statute attacked for vagueness. We stated:
"In testing constitutionality, the statute should be given `a genuine construction, according to the fair import of . . . [its] words, taken in their usual sense, in connection with the context.' LSA-R.S. 14:3; State v. Truby, 211 La. 178, 29 So.2d 758 (1947).
"If, because of vagueness, the statute fails to give a person of ordinary intelligence fair notice that his conduct is criminal, it violates the constitutional safeguards. United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953); City of Shreveport v. Brewer, 225 La. 93, 72 So.2d 308 (1954).
"This principle, however, does not invariably require a detailed specification of the various ways in which the crime can be committed. In the absence of detailed specification, a statute is nonetheless valid if the phraseology has a well known or commonly understood meaning. City of Baton Rouge v. Norman, La., 290 So.2d 865 (1974); State v. Evans, 214 La. 472, 38 So.2d 140 (1948); State v. Saibold, 213 La. 415, 34 So.2d 909 (1948); State v. Varnado, 208 La. 319, 23 So.2d 106 (1944); State v. Pete, 206 La. 1078, 20 So.2d 368 (1944); 10 La.L. Rev. 198."
The question here is whether the statute is so vague as to deprive the defendant *899 of fair notice of the proscribed conduct. The defense challenges the terms "mistreatment" and "unjustifiable pain or suffering."
"Mistreatment" is in common usage and is equated with "abuse." See Webster's Third New International Dictionary, Verbo abuse. In our opinion, "mistreatment" has a commonly understood meaning.
"Unjustifiable pain and suffering" is illuminated by LSA-R.S. 14:18. Justification can be claimed when the conduct is reasonable discipline of minors by a parent. Viewed in the context of the cruelty to juveniles statute, the challenged words are words of limitation. In a parent's case, the application of the statute is limited to mistreatment causing pain and suffering exceeding the bounds of reasonable discipline. We conclude that the statute sufficiently and clearly gives a person of ordinary intelligence fair notice of what conduct is criminal. It follows that the assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant urges that the trial court erred in overruling her objection to the introduction of evidence of bad character. She avers that her character was not at issue; hence, under LSA-R.S. 15:481, the evidence was inadmissible. The State argues that the evidence was admissible because it was nothing more than the facts and circumstances of the crime.
The State called defendant's paramour, Sillinger, as a witness, as he was present when the crime was committed. He testified that defendant asked him to move in with her. At this point defense counsel objected, asserting that the testimony constituted evidence of the defendant's bad character. The trial judge overruled the objection. The witness then gave details of a lovers' quarrel, instigated by the defendant, causing him to ask her to leave his apartment. In a fit of anger, defendant tried to kick the witness, then grabbed her small daughter and "slammed" the child's head into the doorframe, causing injury. The witness then had a neighbor call the police and separated the mother from the child.
Clearly, the testimony does no more than recount the events surrounding the crime. While it does incriminate the defendant, it is not evidence of bad character within the meaning of LSA-R.S. 15:481. That statute deals with general reputation. See LSA-R.S. 15:479. It has no application to the facts of the crime charged.
Assignment of Error No. 2 is without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 4
Defendant avers that the trial court committed error in allowing into evidence, over her objection, a statement made by the five-year-old child. She alleges that the admission of the child's statement denied her the right of confrontation and it was highly prejudicial and unreliable.
Two witnesses, Sillinger and Carter, were allowed to testify that when the police arrived, shortly after the child was injured, the child told the police in the mother's presence that the mother was the one who had injured her.
We have closely examined defendant's allegations regarding the "hearsay" testimony and find them to be without merit. LSA-R.S. 15:447, 448 define the res gestae exception to the hearsay rule in Louisiana and provide what forms part of the res gestae is admissible in evidence. LSA-R. S. 15:447, 448 provide, respectively:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontane-our words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the *900 res gestae is always admissible in evidence."
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
We have often held that the first complaint of a young child who has been the victim of sexual abuse is admissible either under the res gestae exception or as a special exception to the hearsay rule. See, e. g., State v. Pace, La., 301 So.2d 323 (1974); State v. Morgan, La., 296 So.2d 286 (1974) and the authorities therein cited.
In State v. Pace, supra, involving a six-year-old victim of an attempted rape, we held that the mother's testimony of the child's complaint was admissible, stating:
"In prosecutions for sex offenses, the overwhelming weight of authority is that the original complaint of the victim, especially that of a young child, is admissible in evidence. State v. Morgan, La., 296 So.2d 286 (1974); People v. Burton, 55 Cal.2d 328 [11 Cal.Rptr. 65], 359 P.2d 433 (1961); People v. Bonneau, 323 Mich. 237, 35 N.W.2d 161 (1948); 65 Am.Jur.2d Rape, § 76, p. 805; 2 Wharton's Criminal Evidence (Torcia, 13th ed., 1972) § 313, pp. 113-118; McCormick on Evidence (2d ed. 1972) § 297, p. 709.
"The complaint is admissible under either the res gestae doctrine or as a special exception to the hearsay rule. The better rule is that the nature of the crime and the identity of the offender disclosed in the complaint is admissible testimony. People v. Burton, supra; People v. Bonneau, supra; McCormick on Evidence (2d ed. 1972) § 297, p. 709."
We discern no real distinction for allowing into evidence the original complaint of a young child who has been the victim of a sexual attack but disallowing the original complaint of a young child who has been the victim of a physical attack. The battered child's statement, no less than the sexually abused child's statement, falls within the rationale of the hearsay exception.
In the present case, the five-year-old child made the statement within thirty minutes after the event, while she was still bleeding and hysterical. We conclude that the statement is part of the res gestae and admissible in evidence.
These assignments of error are without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.
BARHAM, J., concurs in decree only disagreeing with treatment of Assignments of Error 3 and 4.
CALOGERO, Justice (dissenting).
I believe that Assignments of Error Nos. 3 and 4 have merit. The testimony of two state witnesses, Sillinger and Carter, were clearly inadmissible hearsay. These two witnesses were allowed to testify to a statement made by the victim, Karen Comeaux, to the policemen following the altercation between the defendant and Sillinger. The victim was available at the trial and could have testified.
The majority holds that the testimony of these two witnesses was admissible under the res gestae exception to the hearsay rule. I do not agree. Res gestae allows admission of circumstances and declarations that are "necessary incidents of the criminal act." R.S. 15:448. But the "words of the participants when narrating the events" are not part of the res gestae.
*901 R.S. 14:447. The statement of Karen Comeaux was the statement of a participant narrating the event. Her statement was therefore not a part of the res gestae. Since the testimony was hearsay and not admissible under the res gestae exception, the admission of this testimony was reversible error.
I respectfully dissent.