521 So.2d 663 (1988)
STATE of Louisiana
v.
Dale E. BARNETT.
No. 87 KA 1089.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*664 William R. Campbell, Jr., New Orleans, for appellee.
Walter Reed, Dist. Atty., George Moore, Office of Indigent Defender, Covington, for appellant.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
Dale Barnett was charged by bill of information with cruelty to a juvenile, in violation of LSA-R.S. 14:93. He pled not guilty and, after trial by jury, was found guilty of attempted cruelty to a juvenile, in violation of LSA-R.S. 14:27 and 14.93. He received a sentence of three years at hard labor; however, the trial court suspended the execution of sentence and placed the defendant on probation under the general conditions of probation. The trial court also imposed the following special conditions of probation: the defendant must (1) pay $750.00 to the Indigent Defender's Fund; (2) perform one hundred days of community service activity; (3) receive psychiatric evaluation and treatment if deemed necessary; and (4) enroll in a Parenting Program, such as the Systematic Training for Effective Parenting, and successfully complete the program during the course of the probationary period.
The defendant has appealed, alleging two assignments of error, as follows:
1. The evidence was insufficient to sustain the defendant's conviction of attempted cruelty to a juvenile.
2. The trial court erred in denying the defendant's motion for new trial.
On August 1, 1986, the victim, Daniel Barnett, the defendant's six year old son, *665 was playing outside when he broke a plastic water pipe by striking it with a hammer. The defendant came outside and was forced to shut off the water line to stop the stream of water gushing from the broken pipe. When questioned about the incident by the defendant, the victim lied, claiming that he did not break the water pipe. However, the victim's four year old brother, Christopher, informed the defendant that the victim had broken the water pipe by striking it with a hammer. Upset because the victim had broken the water pipe and because he had lied about doing so, the defendant administered a severe beating to the victim with a belt. This beating was witnessed by the victim's cousin, Rhonda Thompson, whose age is not revealed in the record.
After beating the victim, the defendant phoned his ex-wife, Christy Barnett (the mother of Daniel and Christopher), informed her of what happened, and requested that she come pick up the children immediately. Later, when Christy Barnett observed the severe bruises on the victim, which had been inflicted in the beating, she took him to a Covington, Louisiana, hospital where he was examined by Dr. Steele Rolston.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:
In assignment of error number one, the defendant contends that there was insufficient evidence for a rational trier of fact to find him guilty beyond a reasonable doubt. In assignment of error number two, the defendant contends that the trial court erred in denying his motion for a new trial, which was based on the insufficiency of the evidence.
At the outset, we note that, in order to challenge a conviction on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Korman, supra.
LSA-R.S. 14:93 A provides:
Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
In his brief, the defendant argues that the evidence was insufficient to establish the essential element of intent. He also contends that he was justified in spanking his son and that the issue is whether or not this exercise of discipline was reasonable.
The term "intentional" as used in LSA-R.S. 14:93 A refers to a general criminal intent to mistreat or neglect and does not require an intent to cause the child unjustifiable pain and suffering. State v. Spencer, 486 So.2d 870, 874 (La.App. 1st Cir.1986). LSA-R.S. 14:10 (2) provides:
General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
In State v. Comeaux, 319 So.2d 897, 899 (La.1975), in rejecting an argument that the provisions of LSA-R.S. 14:93 were unconstitutionally vague, the Louisiana Supreme Court stated:
`Mistreatment' is in common usage and is equated with `abuse.' See Webster's Third New International Dictionary, Verbo abuse. In our opinion, `mistreatment' has a commonly understood meaning.

*666 `Unjustifiable pain and suffering' is illuminated by LSA-R.S. 14:18. Justification can be claimed when the conduct is reasonable discipline of minors by a parent. Viewed in the context of the cruelty to juveniles statute, the challenged words are words of limitation. In a parent's case, the application of the statute is limited to mistreatment causing pain and suffering exceeding the bounds of reasonable discipline.
LSA-R.S. 14:18 provides in pertinent part:
The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
* * * * * *
(4) When the offender's conduct is reasonable discipline of minors by their parents, tutors or teachers; ...
The defendant testified that he spanked the victim with "a regular dress belt" and that he was not "angry" or "hot" when he administered this beating. He testified that he quit spanking the victim when he observed the red marks on the victim's buttocks. The victim's cousin, Rhonda Thompson, testified that she observed the entire spanking but could not testify as to how many times the defendant struck the victim. When asked if the defendant's actions were beyond the ordinary realm of a spanking, she replied, "No." However, when Christy Barnett observed the bruises on the victim's body, she felt that they were serious enough to take him to the hospital emergency room.
The prosecution introduced into evidence eleven pictures of the victim taken approximately eight hours after the beating. These pictures depict severe bruises on the child's buttocks and thighs. Dr. Rolston, who examined the victim at the hospital, testified that the victim had "a number of bruises all over his body." He testified that the bruises on one area of the victim's leg "were overlapping" and "were actually too numerous to count." After examining the eleven photographs introduced into evidence, Dr. Rolston testified that there had been some bruises on the victim's body which had not shown up very well in the photographs but that these photographs showed the bruises on the legs and buttocks "fairly well." Finally, Dr. Rolston testified that he observed the defendant in pain, and that the victim "was walking very slowly and stiff-legged", "couldn't move very well", and was "whimpering ... or moaning slightly."
It is undisputed that the victim could be characterized as "a problem child." His mother testified that he had "a behavioral problem", was "bullheaded" and "stubborn." The defendant also characterized the child as "hardheaded." Nevertheless, the severe beating inflicted on the victim was intentional mistreatment which caused pain and suffering to the victim exceeding the bounds of reasonable discipline. See State v. Comeaux, supra. After carefully reviewing the evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.
These assignments of error are meritless.
The conviction and sentence are affirmed.
AFFIRMED.