NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-979

STATE OF LOUISIANA

VERSUS

LOUIS HAYES, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 281,969
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.

Amy, J., concurs and assigns written reasons.

CONVICTIONS AFFIRMED, SENTENCES
VACATED AND REMANDED.

James C. "Jam" Downs
District Attorney
Monique Y. Metoyer
Assistant District Attorney
P.O. Drawer 1472
Alexandria, LA 71309
(318) 473-6650
Counsel for Appellee:
     State of Louisiana

Paula C. Marx
Louisiana Appellate Project
P. O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
Counsel for Defendant/Appellant:
     Louis Hayes, Jr.

**DECUIR, Judge.**

The Defendant, Louis Hayes, Jr., was convicted on two counts of cruelty to a juvenile and sentenced to seven years at hard labor on each count, to run consecutively.

The Defendant is now before this court asserting five assignments of error. Therein, the Defendant contends: 1) the evidence presented was insufficient to support the verdicts; 2) the trial court erred in allowing records from the Office of Community Services (O.C.S.) into evidence at trial; 3) the seven year hard labor sentences are excessive; 4) the trial court failed to particularize the sentences as required by La.Code Crim.P. art. 894.1; and 5) the trial court erred in ordering consecutive sentences.

## FACTS

The Defendant was found guilty of committing two counts of cruelty to a juvenile on October 24, 2004. The crimes were committed against his girlfriend's children, D.M. and S.M.

## SUFFICIENCY OF EVIDENCE

In his first assignment of error, the Defendant contends all elements of the offenses must be proven beyond a reasonable doubt; therefore, in the absence of any proof of intentional infliction of unjustifiable pain and suffering of D.M. and S.M. as alleged by the State, the evidence presented was insufficient to support the verdicts of two counts of cruelty to a juvenile.

> The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Mussall*, 523 So.2d 1305 (La.1988). A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. *State v. Silman*, 95-0154 (La. 11/27/95), 663 So.2d 27, 35. A reviewing court may impinge on the factfinding

function of the jury only to the extent necessary to assure the *Jackson* standard of review. *State v. Bordenave*, 95-2328 (La. 4/26/96), 678 So.2d 19, 20. It is not the function of an appellate court to assess credibility or re-weigh the evidence. *Id.*

*State v. Macon*, 06-481, pp. 7-8 (La. 6/1/07), 957 So.2d 1280, 1285-86.

The Defendant was convicted of two counts of cruelty to a juvenile. Cruelty to a juvenile is defined in La.R.S. 14:93(A)(1) as "the intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child."

This court discussed La.R.S. 14:93 in *State v. Sedlock*, 04-564, pp. 3-4 (La.App. 3 Cir. 9/29/04), 882 So.2d 1278, 1280-81, *writ denied*, 04-2710 (La. 2/25/05), 894 So.2d 1131, as follows:

> The term "intentional," within the meaning of this statute, has been defined as requiring only "general criminal intent," and not specific intent to cause a child unjustifiable pain and suffering. *State v. Morrison*, 582 So.2d 295 (La.App. 1 Cir.1991); *State v. Green*, 449 So.2d 141 (La.App. 4 Cir.1984). La.R.S. 14:10(2) provides:

> General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.

> In *State v. Comeaux*, 319 So.2d 897, 899 (La.1975), the Louisiana Supreme Court stated:

> > "Mistreatment" is in common usage and is equated with "*abuse*." See Webster's Third New International Dictionary, Verbo abuse. In our opinion, "mistreatment" has a commonly understood meaning.

> (Emphasis supplied.)

> In *Morrison*, the court recognized that: "As an alternative to proving that an accused intentionally mistreated or neglected a child, LSA-R.S. 14:93 permits the state to prove the accused was criminally negligent in his mistreatment or neglect of the child." 582 So.2d at 302. La.R.S. 14:12 defines criminal negligence as follows:

2

> Criminal negligence exists when, although *neither specific nor general criminal intent is present*, there is such disregard of the interest of others that the offender's conduct amounts to a *gross* deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

(Emphasis added.)

*State v. Cortez*, 96-859, p. 7 (La.App. 3 Cir. 12/18/96), 687 So.2d 515, 519-20.

> However, an offender's conduct is "justifiable, although otherwise criminal," when the "offender's conduct is reasonable discipline of minors by their parents." *See* La.R.S. 14:18(4). "Since 'justification' defenses are not based on the nonexistence of any essential element of the offense, but rather on the circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by a preponderance of evidence." *State v. Cheatwood*, 458 So.2d 907, 910 (La.1984).

*State v. Miller*, 98-1873, pp. 2-3 (La.App. 3 Cir. 10/13/99), 746 So.2d 118, 119, *writ denied*, 99-3259 (La.5/5/00), 761 So.2d 541.

Thus, to carry its burden of proof, the State had to prove the Defendant was over the age of seventeen, D.M. and S.M. were under the age of seventeen, the Defendant either intentionally mistreated or neglected D.M. and S.M. or was criminally negligent in his mistreatment or neglect of D.M. and S.M., and D.M. and S.M. experienced unjustifiable pain or suffering.

Jerry Cearley, an O.C.S. employee, testified that he received a complaint regarding D.M. and S.M. on October 25, 2004. The complaint indicated D.M., who was twenty months old, and S.M., who was three years old, had marks and bruises from abuse by their mother's boyfriend. Cearley testified that upon visiting the home, he observed marks on the children and took photographs of those marks. Based on the injuries he observed, Cearley had D.M. and S.M. examined by a physician. In light of the physician's report and the observations made by Cearley, the claim of physical abuse was validated. O.C.S. interview notes were introduced as State

3

Exhibits 3, 4, and 5. The notes indicated S.M. had bruising on the left side of her face and D.M. had a large bruise on his left shoulder. The notes further indicated that S.M. informed Cearley that Buddy, the Defendant, slapped her and bit D.M. Dr. Yasser Nakhlawi informed Cearley that S.M. had bruises in non-trauma prone areas and the marks on her face were caused by non-accidental trauma. Additionally, the bruises on D.M.'s shoulder were caused by an adult bite.

S.M., who was five years old at the time of trial, testified that she had previously lived with her mother and Buddy. S.M. was shown State Exhibit 1 and testified that the girl in the photograph was her and she received the bruise depicted therein from Buddy. When asked what Buddy did to give her the bruise, S.M. stated, "He just did it." When asked how he just did it, S.M. replied, "Because." S.M. was then shown State Exhibit 2 and identified the boy in the photograph as D.M. When asked how D.M. received the bruise visible in the photograph, S.M. testified the bruise was inflicted by Buddy. S.M. did not know what Buddy did to cause the bruise. S.M. testified that her mother never put those kinds of marks on her or D.M. S.M. further testified that D.M. had bitten her in the past and no one ever told her that, if D.M. bit her, she was to bite him back.

Dr. Yasser Nakhlawi, an expert in the field of pediatrics, testified that he examined S.M. and D.M. on October 25, 2004. Dr. Nakhlawi found a large bruise on the left side of S.M.'s face, which resembled finger marks. Dr. Nakhlawi testified that at the time of the examination, he determined that the bruise had recently been inflicted. However, the bruise suffered by S.M. did not require hospitalization or extensive testing. D.M. had bruises on the back, the buttocks, and the back of the upper thigh, which were non-trauma prone areas. He also had a big bite to the left shoulder, which was inflicted by an adult. Dr. Nakhlawi testified that teeth marks

4

were visible, but D.M.'s skin was not broken as a result of the bite. Dr. Nakhlawi testified that the bruises sustained by S.M. and D.M. would have healed on their own. However, the bite to D.M.'s shoulder and the slap to S.M.'s face would have been painful.

Beatrice Collins testified that S.M., D.M, their mother, and several other people lived in a trailer they rented from her in the Fall of 2004. Collins testified that the Defendant was disabled at that time and took care of nine children, including S.M. and D.M. Collins indicated the Defendant was in charge of disciplinary action. Collins further testified that other children showed her marks on their bodies and said that D.M. had bitten them. In response, the other children bit D.M. Collins did not recall seeing bite marks on D.M., S.M., or their brother. Collins testified that she never heard an adult instruct the children to bite D.M. back when he bit them.

Detective Stephen Reed testified that the Defendant's date of birth was August 9, 1968. M.M., the grandmother of D.M. and S.M., testified that S.M.'s date of birth was March 7, 2001, and D.M.'s date of birth was February 13, 2003.

The Defendant alleges that while he may have used bad judgment in his treatment of D.M. and S.M., the State failed to meet its burden of proving he had the intent to cause D.M. and S.M. unjustifiable pain and suffering. The Defendant argues there was no evidence as to how long the bruise on S.M.'s face lasted. Additionally, although Dr. Nakhlawi testified the slap was painful, there was no description of this pain. The Defendant argues that the evidence fails to prove he bit D.M. or caused any other bruising. The Defendant further argues that even if there was sufficient evidence to prove he bit D.M., there was still insufficient evidence to prove the elements of cruelty to a juvenile. The Defendant asserts that while biting a child to

5

stop him from biting others may be bad judgment, a bad judgment falls short of intentional mistreatment or criminal negligence.

AGE

Based on the evidence presented, the State clearly proved the Defendant was over seventeen years of age at the time of the offenses and D.M. and S.M. were under the age of seventeen.

INJURY TO D.M.

The Defendant asserts that the limited testimony of S.M. does not prove he bit D.M. Cearley's notes indicate S.M. told him the Defendant bit D.M., and S.M. testified that the Defendant caused the bruise on D.M.'s shoulder. The trier of fact chose to believe this testimony; thus, the evidence was sufficient to prove the Defendant caused the bruising to D.M.'s shoulder.

MISTREATMENT AND UNJUSTIFIABLE PAIN OR SUFFERING

In *State v. Chacon*, 03-446 (La.App. 5 Cir. 10/28/03), 860 So.2d 151, the fifth circuit noted "[t]he term 'intentional' refers to general criminal intent to mistreat or neglect and does not require an intent to cause the child unjustifiable pain and suffering. *State v. Schultz*, 01-995 (La.App. 5 Cir. 4/10/02), 817 So.2d 202, 208, *writ denied*, 02-1320 (La. 11/27/02), 831 So.2d 270." *Id*. at 153. The court found there was sufficient evidence to convict the defendant of cruelty to a juvenile for punching the eight-year-old victim with a closed fist twice in the upper left arm for spilling quarters. The court noted that photographs taken two days after the incident depicted a large dark bruise, which resembled a paw print. The victim testified that when he was hit it did not hurt that much and he did not cry. The court agreed with the trial court's conclusion that the mere fact that the victim did not cry and was not thrown off balance by the force of the blows was not determinative of whether the victim

6

suffered unjustifiable pain and suffering. The court reviewed the photographs and concluded that a bruise of the severity and magnitude suffered by the victim clearly demonstrated that unjustifiable pain and suffering were inflicted upon the victim. The *Chacon* court further noted justification could not be asserted by the defendant because he was the mother's live-in boyfriend and not a parent, tutor, or teacher.

CONCLUSION

The evidence indicates the Defendant, an adult, struck S.M., who was three years old, in the face and bit D.M., a twenty month old, on the shoulder, causing bruising to both children. Although the reasons the Defendant struck S.M. and bit D.M. are unknown, the State proved the Defendant intentionally mistreated D.M. and S.M. Further, based on the photographs of D.M. and S.M. and Dr. Nakhlawi's testimony that the slap and the bite that caused the bruises were painful, we find D.M. and S.M. experienced unjustifiable pain or suffering as a result of the Defendant's actions. For these reasons, this assignment of error lacks merit.

**ADMISSION OF EVIDENCE**

In his second assignment of error, the Defendant contends the trial court erred in allowing O.C.S. records in evidence at trial. The Defendant argues the records are hearsay and the exception to the hearsay rule set out in La.Code Evid. art. 803(8)(a)(iii) is not applicable in the case at bar. The Defendant further argues that the records contain factual findings and are, therefore, not admissible pursuant to La.Code Evid. art. 803(8)(b)(iv).

As previously noted, O.C.S. interview notes were introduced as State Exhibits 3, 4, and 5. The notes indicated S.M. had bruising on the left side of her face and D.M. had a large bruise on his left shoulder. The notes further indicated that S.M. informed Cearley that Buddy slapped her and bit D.M. Dr. Nakhlawi informed

7

Cearley that S.M. had bruises in non-trauma prone areas and the marks on her face were caused by non-accidental trauma. Additionally, the bruises on D.M.'s shoulder were caused by an adult bite.

This assignment has no merit. Even if the complained of notes were improperly allowed as an exception to the hearsay rule, such an error would constitute harmless error. In *State v. Johnson*, 389 So.2d 1302, p. 1306 (La.1980), the supreme court discussed the improper admission of hearsay evidence as follows: "this Court has long held that the admission of even hearsay testimony is harmless error where the effect is merely cumulative or corroborative of other testimony adduced at trial. *State v. McIntyre*, 381 So.2d 408, 411 (La.1980)." As the notes at issue were merely cumulative or corroborative of the testimony of S.M. and Dr. Nakhlawi, the admission of the notes, if improper, was harmless error.

## SENTENCING

In his third assignment of error, the Defendant contends his seven-year hard labor sentences are unconstitutionally excessive for this disabled first offender. In his fourth assignment of error, the Defendant contends the trial court failed to particularize the sentence to this offender and offense, as required by La.Code Crim.P. art. 894.1. In his fifth assignment of error, the Defendant contends the trial court erred in ordering consecutive sentences for this first offender. We will address these assignments of error together, as they all relate the Defendant's sentences.

The Defendant was convicted of two counts of cruelty to a juvenile. "Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than ten years, or both." La.R.S. 14:93(D). The Defendant was sentenced to seven years at hard labor on each count, to run consecutively.

8

The standard regarding excessive sentences is well settled and this court has stated the following regarding the issue:

The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183], stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1.    The nature of the crime,

2.    The nature and background of the offender, and

3.    The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

The Defendant argues his sentences are excessive. In support of that argument, he cites several cases. In *State v. Spencer*, 486 So.2d 870 (La.App. 1 Cir. 1986), the defendant was convicted of cruelty to a juvenile for leaving bruises on the behind and a brush burn and bruise to the wrist of the victim, who suffered from cerebral palsy and was mentally and physically handicapped. It was determined that the defendant spanked the victim for refusing to let him brush her teeth. The court found the defendant's eighteen-month sentence was excessive, stating the defendant was a

9

thirty-year-old man with a Bachelor of Arts degree in elementary education with a certification in mental retardation. He had no prior convictions of any kind. Furthermore, the record reflected that the defendant had a good reputation in the community and had lost his position with the St. Tammany Parish School System as a result of the crime. The court went on to find that the defendant was a prime candidate for a suspended sentence or probation.

In *State v. Stevens*, 532 So.2d 197 (La.App. 3 Cir. 1988), *writ denied*, 541 So.2d 852 (La.1989), the defendant placed his three and half year old in hot water for fifteen to thirty seconds for soiling herself. As a result, the child received second and third degree burns. The defendant pled guilty to two counts of cruelty to a juvenile, one for inflicting the injuries and the other for failure to seek medical treatment until four days after the incident. He was sentenced to five years on each count, to run concurrently. This court found the defendant's sentences were not excessive.

In *State v. Merritt*, 03-946 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, *reversed in part on rehearing*, 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283,[1] the defendant was convicted of four counts of cruelty to a juvenile. The defendant held the victim's eyelids open and sprayed hair spray into her eyes, causing corneal abrasions, for which he received a sentence of two years at hard labor. The defendant pulled the victim's right arm back in such a manner as to fracture the bone of the upper arm, for which he received a sentence of seven years at hard labor. The defendant refused to allow the victim to receive medical attention for the broken bone, thereby prolonging her pain and suffering from the injuries, for which he received a sentence of two years at hard labor. The four sentences were ordered to run consecutively. The defendant

---

[1]On March 18, 2005, the supreme court granted the defendant's request to dismiss his writ application. *See Merritt*, 04-2827 (La. 3/18/05), 896 So.2d 987.

did not separately challenge the sentences, but argued their consecutive nature made them excessive. This court found consecutive sentences were warranted.

We have also found several cases involving excessive sentencing claims for convictions of cruelty to a juvenile. In *State v. Ernest*, 97-335 (La.App. 1 Cir. 2/20/98), 710 So.2d 814, *writ denied*, 98-771 (La. 7/2/98), 724 So.2d 206, the court found that a sentence of four years' imprisonment at hard labor for cruelty to a juvenile was not excessive where the defendant forcibly jammed a bottle into the infant's mouth, resulting in a cut lip, slammed the infant down on a changing table, and shook the infant, which could have killed the infant.

In *State v. Panepinto*, 548 So.2d 34 (La.App. 5 Cir.), *writ denied*, 551 So.2d 1335 (La.1989), the court found a sentence of eighteen months was not excessive for a conviction of cruelty to a juvenile where the eighteen month old suffered bruises to the head, neck, and legs and a human bite on the leg.

The Defendant in the case at bar failed to make any statement or provide any information that could be included in the pre-sentence investigation report (PSI). Additionally, at the time of sentencing and at the hearing on the Defendant's Motion to Reconsider Sentence, the Defendant failed to personally make a statement to the trial court and defense counsel merely pointed out that the injuries to D.M. and S.M. were "pretty minimal" and the children did not require counseling. Therefore, we are unaware of the Defendant's nature and background other than the fact that the PSI indicates the Defendant is a first offender.

The offense of cruelty to a juvenile is a heinous crime. Clearly, society finds such activity inexcusable. Still, the legislature has seen fit to limit the incarceration penalty to a maximum of ten years at hard labor. The Defendant did not receive

11

maximum sentences. However, we find his sentences are excessive based on the facts and circumstances of the crime and the cases cited herein.

**DECREE**

For the foregoing reasons, the Defendant's convictions are affirmed, but his sentences are vacated and the matter is remanded for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

NUMBER 07-979

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

LOUIS HAYES, JR.

AMY, J., concurring.

I join the majority in the affirmation of the defendant's convictions for cruelty to a juvenile. I also conclude that the defendant's sentences must be vacated and the matter remanded for re-sentencing.

Louisiana Code of Criminal Procedure Article 883 provides: "If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." While this article provides a trial court with discretion to impose consecutive sentences when appropriate, the supreme court has found that other factors must be considered in what is, ultimately, an excessiveness review. *See State v. Ortego*, 382 So.2d 921 (La.1980).

In this case, the trial court did not articulate, nor does the record sufficiently demonstrate, factors which would support the consecutive nature of the sentences. For this reason, I concur in the majority's determination to vacate the sentences and remand for re-sentencing.