**NOT FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


**08-616**


STATE OF LOUISIANA

VERSUS

CHARLES M. WILLIAMS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12810-04
HONORABLE DAVID A. RITCHIE, PRESIDING
\*\*\*\*\*\*\*\*\*\*


**SYLVIA R. COOKS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.


**AFFIRMED, AS AMENDED.**

John F. DeRosier, District Attorney
Carla L. Sigler, Assistant District Attorney
14th Judicial District, Parish of Calcasieu
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Paula C. Marx
Louisiana Appellate Project
P.O. Box 80006
Lafayette, LA 70598-0006
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Charles M. Williams

**COOKS, Judge.**

Defendant appeals as excessive his sentence of ten years after pleading guilty to cruelty to a juvenile. For the following reasons, we affirm.

<u>                    </u>**FACTS AND PROCEDURAL HISTORY**

Defendant, Charles M. Williams, was charged by bill of indictment with second degree cruelty to a juvenile, a violation of La.R.S. 14:93.2.3. Defendant entered a plea of not guilty. The bill of indictment was later amended to reflect that Defendant was charged with cruelty to a juvenile, a violation of La.R.S. 14:93. Defendant then entered a plea of guilty to the amended charge, in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). At the time Defendant entered his guilty plea, the State set forth the following factual basis:

> [O]n or about June 25th, 2003, the defendant, who was over the age of 17, did intentionally, in a criminally negligent manner, mistreat an individual who's initials are J.W. Her date of birth was 4/4/03; she was two months old at the time, causing unjustifiable pain or suffering. Namely, at home, in Calcasieu Parish. He was holding the child and dropped the child on the floor, and according to his own admission, the child went limp. She suffered permanent brain damage. There are some fractures and -- as a result of a subdural hematoma.

Defendant was subsequently sentenced to ten years in the custody of the Louisiana Department of Corrections, to run consecutively to any other time he was serving on any other charges. A Motion to Reconsider Sentence was filed and denied. This appeal followed, and Defendant now asserts as his lone assignment of error that his sentence is excessive.

<u>                              </u>**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find the trial court did not advise Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, the trial court is directed to

inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion, and it shall file written proof that Defendant received the notice in the record of the proceedings. *See State v. Roe*, 05-116, p. 3 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1268, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

_____**ASSIGNMENT OF ERROR**

In his only assignment of error, Defendant contends the maximum ten year hard labor sentence is excessive for this offender and offense. Our courts have noted:

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. "Maximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

Defendant was convicted of cruelty to a juvenile. The penalty for a violation of La.R.S. 14:93 is a fine of not more than one thousand dollars or imprisonment with or without hard labor for not more than ten years, or both. The Defendant was sentenced to serve ten years in the custody of the Louisiana Department of Corrections. Thus, he received the maximum term of imprisonment allowed by La.R.S. 14:93.

Defendant asserts the trial court erred in sentencing him to the maximum

sentence for this offense, which he alleges resulted from an accident. Defendant further argues the trial court's reasons for imposing its sentence were insufficient to justify such a lengthy period of incarceration considering his age and that he is truly sorry for the tragedy that occurred.

Defendant avers that a review of cases involving excessive sentencing claims by defendants receiving ten year sentences for cruelty to juveniles shows that those cases involved intentional mistreatment and not accidental injury, which occurred in the case at bar.

In *State v. Davis*, 485 So.2d 981 (La.App. 4 Cir. 1986), *writ denied*, 488 S.2d 1019 (La.1986), the fourth circuit affirmed a ten-year sentence where the defendant placed her child in scalding water causing second degree burns on his feet, buttocks, and left upper arm.

In *State v. Meshell*, 473 So.2d 935 (La.App. 3 Cir. 1985), this court upheld two ten-year sentences, which were ordered to run consecutively, where the defendant severely beat the buttocks of his two young children and then rubbed salt into the wounds. The trial court noted the defendant had a prior juvenile and adult record and had two prior convictions for cruelty to juveniles.

In *State v. Helsley*, 457 So.2d 707 (La.App. 2 Cir. 1984), the second circuit affirmed a ten-year sentence for a defendant who struck his daughter repeatedly with a piece of PVC pipe and a pipe wrench. The trial court noted the defendant had an extensive criminal record including traffic offenses, breaking and entering, assault and battery, and child abuse, which resulted in sentences on six occasions.

In *State v. Gray*, 502 So.2d 1114 (La.App. 4 Cir. 1987), the fourth circuit upheld a ten-year sentence imposed on a defendant who gagged her daughter and used a chair and hammer to beat her.

Defendant also cites the following cases, which he alleges support a much shorter sentence in his case. In *State v. Hayes*, an unpublished opinion bearing docket number 07-979 (La.App. 3 Cir. 3/5/08), this court found two consecutive sentences of seven years at hard labor for two counts of cruelty to juveniles for a defendant who intentionally bit a twenty-month-old and struck a three-year-old in the face were excessive.

In *State v. Spencer*, 486 So.2d 870 (La.App. 1 Cir. 1986), the first circuit found that a sentence of eighteen months at hard labor was excessive for a defendant who spanked the victim, who had cerebral palsy and was both physically and mentally handicapped, for refusing to allow him to brush her teeth. The victim suffered bruises to her behind and a burn on her wrist. The court noted the defendant had no prior convictions and had a good reputation in the community.

In *State v. Stevens*, 532 So.2d 197 (La.App. 3 Cir. 1988), *writ denied*, 541 So.2d 852 (La.1989), this court found the defendant's concurrent sentences of five years for two counts of cruelty to juveniles were not excessive where the defendant placed his three and one-half-year-old in hot water for fifteen to thirty seconds for soiling herself and failed to seek medical attention for the second and third degree burns she suffered.

In *State v. Merritt*, 03-946 (La.App. 3 Cir. 3/17/04), 875 So.2d 80, *reversed in part on rehearing*, 03-946 (La.App. 3 Cir. 10/13/04), 884 So.2d 1283, the defendant was convicted of four counts of cruelty to a juvenile. The defendant held the victim's eyelids open and sprayed hair spray into her eyes, causing corneal abrasions, for which he received a sentence of two years at hard labor. The defendant pulled the victim's right arm back in such a manner as to fracture the bone of the upper arm, for which he received a sentence of seven years at hard labor. The defendant refused to

allow the victim to receive medical attention for the broken bone, thereby prolonging her pain and suffering from the injuries, for which he received a sentence of two years at hard labor. The sentences were ordered to run consecutively. The defendant did not separately challenge the sentences, but argued their consecutive nature made them excessive. This court found consecutive sentences were warranted.

In *State v. Ernest*, 97-335 (La.App. 1 Cir. 2/20/98), 710 So.2d 814, *writ denied*, 98-771 (La. 7/2/98), 724 So.2d 206, the first circuit found a sentence of four years at hard labor for cruelty to a juvenile was not excessive where the defendant forcibly jammed a bottle into an infant's mouth, resulting in a cut lip; and slammed the infant down on a changing table, and shook the infant, which could have killed the infant.

In *State v. Panepinto*, 548 So.2d 34 (La.App. 5 Cir.), *writ denied*, 551 So.2d 1335 (La.1989), the fifth circuit found a sentence of eighteen months was not excessive for a conviction of cruelty to a juvenile where the eighteen-month-old suffered bruises to the head, neck, and legs and a human bite on the leg.

The Defendant also cites *State v. Chacon*, 03-446 (La.App. 5 Cir. 10/28/03), 860 So.2d 151, in which the defendant received a sentence of two years for punching his girlfriend's child in the arm. However, we note the defendant therein did not seek review of his sentence on appeal.

After citing the numerous cases discussed above, Defendant asserts he accidentally dropped the victim, he never intentionally harmed her, and he called 911 to seek medical attention for her injuries. He further asserts that maximum sentences are warranted in the most heinous cases involving intentional acts toward children and this offense warrants a much shorter sentence, as he is not the worst offender.

At the time Defendant entered his guilty plea, the trial court noted the victim's injuries were severe and did not occur from "a simple falling on the floor."

Defendant then informed the trial court that he never shook the victim. He asserted he accidentally dropped the victim onto the concrete floor, called 911, and gave her CPR until the ambulance arrived. Defendant further asserted that he dropped the victim because she kicked her legs against his chest. At the time this occurred, Defendant was holding a cordless phone. The trial court questioned Defendant about the phone as follows:

THE COURT:

So, you didn't drop the phone, you dropped the baby, instead of the phone?

MR. WILLIAMS:

Yes, sir. She kicked her legs out against my chest and she fell out of my arm.

THE COURT:

But you held onto that phone. What kind of flooring was it?

MR. WILLIAMS:

It was a concrete floor.

The trial court subsequently stated, "I think, based on his statement and by statute, it's either intentional or criminally negligent."

The pre-sentence investigation report (PSI) indicates the victim suffered injuries consistent with shaken baby syndrome. The PSI additionally indicates Defendant informed police that on the date of the incident, he recalled playfully throwing the victim into the air at approximately 10:00 a.m. and accidentally dropping her. He reported the victim's head hit the bed "in an awkward position." Defendant also recalled having picked up the victim and shaking her over his head in an effort to get her to quit crying. He later stated he had not dropped the victim on the bed. Defendant then explained the victim's condition as follows: "While trying

to use the telephone, [he] was sitting on the sofa and he was holding [the victim] with his left arm when her kicking caused him to drop her onto the tile covered concrete floor."

At the sentencing hearing, the trial court subsequently noted Defendant was a third felony offender, and stated the following:

> You've committed . . . a simple robbery, amended from an armed robbery, back in 2001. While you were on probation for that simple robbery you were convicted of theft over $500 and then during that time you were convicted of another theft over $500 and frankly I'm not sure why you're not considered a fourth offender. It says third in here . . . maybe you're only considered a third offender. It looks like you've got four . . . looking at these dates.
>
> . . . .
>
> . . . with your criminal history and what happened to this child, I think anything less than the maximum sentence of ten years would be a slap in the face to that child and I'm not going to -- so I'm going to sentence you to serve ten years with the Louisiana Department of Corrections . . . . This will be consecutive to any other sentences that you have served for any of your other crimes that you've committed while you were on those other probations.

Although Defendant entered an *Alford* plea and contends he accidentally dropped the victim, he pled guilty to an offense for which the factual basis articulated in the record establishes that he acted "intentionally, in a criminally negligent manner." Further, the victim in the present case suffered permanent brain damage; and, Defendant is a third felony offender. For these reasons, we find Defendant's sentence is not excessive.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed. However, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the

record of the proceedings.

**AFFIRMED, AS AMENDED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.**